THE PEOPLE OF THE STATE OF NEW YORK ex· rel. THE TEXAS COMPANY, Appellant, *v.* JOHN F. GILCHRIST et al., Constituting the State Tax Commission, Respondents.

20

(Argued October 3, 1929; decided October 15, 1929.)

*T. K. Schmuck* for appellant. Unless assets are used instrumentally in New York business, viz., to maintain or aid corporate enterprise or activity in this State, they are not "employed" by a corporation "in its business in this State" within the meaning of the statute. (*People ex rel. Union Ferry Co.* v. *Roberts*, 66 App. Div. 157; *People ex rel. Buffalo Union Furnace Co.* v. *Gilchrist*, 215 App. Div. 51; 243 N. Y. 571; *People ex rel. Manila, etc., Co.* v. *Knapp*, 229 N. Y. 502; *Cochen* v. *Methodist Protestant Church, etc., of Williamsburg*, 32 App. Div. 239; *Spreckles Sugar Refining Co.* v. *McClain*, 192 U. S. 397; *People ex rel. Singer Manufacturing Co.* v. *Wemple*, 150 N. Y. 46; *People ex rel. Wall & Hanover Street Realty Co.* v. *Miller*, 181 N. Y. 336; *Von Baumback* v. *Sargent Land Co.*, 242 U. S. 515; *Trustees of Columbia College* v. *Lynch*, 47 How. Pr. 275.) Appellant's bank and cash balances in excess of $35,362.85 were not "employed by it in its business in this State" within the meaning of the statute. (*Lau Ow Bew* v. *U. S.*, 144 U. S. 59; *Fields* v. *U. S.*, 27 App. Cas. [D. C.] 443.)

*Hamilton Ward, Attorney-General* (*Henry S. Manley* and *Wendell P. Brown* of counsel), for respondents. The average monthly bank and cash balances held in New York were properly segregated to this State. (*People ex rel. Brooklyn Rapid Transit Co.* v. *Miller*, 85 App. Div.

178; 181 N. Y. 582; *People ex rel. North American Company* v. *Miller*, 90 App. Div. 560; 182 N. Y. 521; *American Contracting & Dredging Co.* v. *Wemple*, 129 N. Y. 558; *People ex rel. Thomas Clock Co.* v. *Wemple*, 133 N. Y. 323; *People ex rel. Blackinton Co.* v. *Roberts*, 4 App. Div. 388; 151 N. Y. 652; *People ex rel. New England Loan & Trust Co.* v. *Roberts*, 25 App. Div. 16.)

POUND, J. Appellant was a Texas corporation, whose main office was at Houston, Tex. It also had a principal office in the city of New York. Its business was producing, refining, manufacturing and selling petroleum and its products. This business was carried on in various States and foreign countries, including the State of New York.

Under the law then in force appellant was taxable on such " part of its issued capital stock, at its face value, as the amount of its gross assets *employed by it in its business in this state* bears to its gross assets wherever employed by it in its business." (L. 1921, ch. 705, § 4, amdg. Tax Law [Cons. Laws, ch. 60], § 214.)

During the year 1921 appellant maintained cash and bank balances in New York averaging $14,375,781.59. The Tax Commission computed appellant's franchise tax on the theory that all such moneys were " employed " by appellant " in its business in this state " without regard to how, where or whether, if at all, they were actually used.

Appellant declares that a monthly average of $35,362.85 and no more was used by appellant in its New York business and that a trifle more than half the rest of appellant's cash and bank balances was used in extra-state business; a trifle less than half was not used but was kept as a reserve.

Appellant contends that only so much of its cash and bank balances was " employed " in its New York business as maintained or aided its activity and enterprise within

the State and that its tax should be reduced from $10,017.83 to $1,933.60.

Appellant's New York cash and bank balances were devoted to the following uses: $35,362.85 used to conduct its New York business; $6,917,549.91 not in active use but kept as a reserve fund; $1,428,785.10 used in appellant's producing department operations without the State; $800,266.44 used in appellant's refining department operations without the State; $1,573,644.27 used outside the State to buy oil; $868,189.12 used to pay the expenses of appellant's main office in Houston, Tex.; $48,382.13 used to pay interest on appellant's outstanding note issue; $2,703,583.75 used to pay debts contracted by appellant's New York city office — debts not including intrastate purchases.

It is incumbent on appellant not only to establish error but also to establish the exact amount of error. The proceeding will not be remitted to the Commission for a new hearing on the merits. (*People ex rel. Kohlman & Co.* v. *Law*, 239 N. Y. 346.) Appellant was doing business in this State and the Commission had jurisdiction to levy a tax. The question is whether appellant has satisfactorily separated the items of bank deposits in New York employed by it in its business in this State from those not so employed. If appellant merely had an office in this State and money on deposit in New York banks subject to check in payment of extra-state business not otherwise employed in the pursuit of profit and gain in this State, it would not be employing its capital in its business in this State. (*People ex rel. Manila El. R. R. & L. Co.* v. *Knapp*, 229 N. Y. 502; *Von Baumbach* v. *Sargent Land Co.*, 242 U. S. 503.)

To the extent that appellant clearly establishes that certain items of bank deposits are wholly for use outside the State it is entitled to relief. Capital is not employed in business in this State when it is wholly set apart for use in appellant's business without the State. Applying

this test to the several items, it appears that the Tax Commission has given too broad a meaning to the words "employed" in "business in this state." The item of $35,362.85 is admittedly so employed. The item of $6,917,549.91 was on deposit "for purpose of transfer to other banks when balances there became too low and for such other purposes as they might have been needed from time to time in the general operations of the company." As no separation is made between the balance available for business in this State and the balance not so available, the entire item must be included for the purpose of assessing the tax. The item of $2,703,583.75 was used to pay debts contracted by appellant's New York office for the purchase of oil located outside the State. It seems that the oil was purchased and paid for in New York. The locus of the thing purchased is immaterial if the capital was employed in the business of purchasing within the State. The item of $48,382.13 used to pay interest on appellant's outstanding note issue does not appear to have been disconnected with the operations of the company in New York. It does not appear where the notes were issued nor in connection with what business. The remaining items appear to be disconnected with the New York business and should not be included as the basis of computing the tax.

The order should be reversed, without costs, the determination annulled and the proceeding remitted to the State Tax Commission to reassess tax in accordance with this opinion.

CARDOZO, Ch. J., CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur; LEHMAN, J., not sitting.

Ordered accordingly.