THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. C. & W. CONSTRUCTION Co., INC., and CONTINENTAL CASUALTY COMPANY, Respondents.— Appeal by the plaintiff from an order settling record on appeal, taken by the plaintiff to this court from the final judgment. Order unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ. [See 256 App. Div. 17.]

THE PEOPLE OF THE STATE OF NEW YORK ex rel. RETSOF MINING COMPANY, Relator, v. MARK GRAVES and Others, Constituting the State Tax Commission, Respondents.— This is a proceeding under article 78 of the Civil Practice Act to review a final determination of the State Tax Commission affirming an annual corporation franchise tax assessed against the relator under article 9-A of the Tax Law for the tax year beginning November 1, 1936. Article 9-A of the Tax Law imposes an annual franchise tax upon corporations measured by entire net income. Subdivision 3 of section 208 of that article (as amd. by Laws of 1935, chap. 745) provides: " The term ' entire net income ' means total net income from all sources, without deduction of * * * (6) interest on indebtedness to stockholders or shareholders, or members of their immediate families, except interest on moneys borrowed for ordinary expenses of the corporation. * * *." The relator is a New York corporation engaged in the business of mining salt in Livingston county, N. Y. It is a wholly owned subsidiary of the International Salt Company, a New Jersey corporation. The International Salt Company owned all of the capital stock of the relator and it pledged that stock, with other property, to the Chemical Bank and Trust Company as trustee as security for an issue of International Salt Company's bonds. The indenture provided that the salt company was " to retain all the authority, powers, rights and privileges belonging or incident to the stock and bonds hereby pledged * * * or to the ownership thereof." They provided that unless or until there was a default that all securities pledged should remain in the name of the salt company. Under the facts in the case and the statute above quoted, the International Salt Company was a stockholder of the relator. The statute is not unconstitutional so far as the relator is concerned. The final determination of the State Tax Commission should be confirmed, with fifty dollars costs and disbursements. Determination unanimously confirmed, with fifty dollars costs and disbursements. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.