In the Matter of the Application of MARKT & HAMMACHER COMPANY, Petitioner, to Review a Determination of MARK GRAVES and Others, as and Constituting THE STATE TAX COMMISSION OF THE STATE OF NEW YORK, Respondents.

Third Department, January 10, 1940.

*Henry G. Fritsche* [*Harry Levine* of counsel], for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*Wendell P. Brown, Assistant Attorney-General,* of counsel], for the respondents.

SCHENCK, J. There are two questions involved in this matter, a proceeding under article 78 of the Civil Practice Act to review the franchise tax levied against the petitioner for the tax year beginning November 1, 1936. The questions are as follows:

" (1) Whether the provision of the statute (subdivision 3 of Section 208) which precludes the deduction from gross income of certain interest on indebtedness to stockholders or shareholders, or members of their immediate families, is constitutional.

" (2) Whether the petitioner under provisions of the statute (Section 214) is entitled to a segregation of its assets and the appor-

tionment of its base income within and without the State for purposes of the franchise tax."

In regard to the first question involved herein, this court has already held that subdivision 3 of section 208 of article 9-A of the Tax Law is not unconstitutional as regards a corporate stockholder of a relator in a proceeding similar to this. (See *People ex rel. Retsof Mining Company* v. *Graves*, 255 App. Div. 921.) Permission to appeal was subsequently denied by this court, by the Court of Appeals, and finally by the Supreme Court of the United States. (256 App. Div. 854; 280 N. Y. 853; 308 U. S. ——.)

The petitioner herein endeavors to distinguish the instant case from the circumstances of the *Retsof* case by questioning the language of the statute as it refers to " members of their [stockholders] immediate families." This seems to be the only phase of this question not actually covered by the *Retsof* decision and seems likewise to be without merit. The provision was inserted to prevent deliberate tax evasion. It is possible that the phraseology may be somewhat vague in an academic sense. However, the very circumstances exist here which the law seeks to cover, to wit, to prevent corporations and stockholders to pass rights to interest or indebtedness to wives and other relatives and by such devious routes to circumvent the question of the tax laws. The large proportion of persons to whom interest was paid by the petitioner corporation herein was readily definable as members of " immediate families " of holders of the stock of this corporation. Payment of this interest was properly not allowed as a deduction from gross income. The first question should be resolved in favor of the respondent Tax Commission.

The second point involves the question as to whether or not the petitioner corporation carried on business without the State within the meaning of the Tax Law in order that it might be entitled to an apportionment of its franchise taxes based on a segregation of intrastate assets from total assets. The testimony of certain officers of the petitioner corporation was to the effect that business of the corporation was carried on in Europe through subsidiary and allied corporations; that business was carried on in South America by agents on commission and profit sharing bases, and that business was carried on by a representative in Canada.

In none of this testimony, however, did it appear that the petitioner actually maintained offices or bank accounts or operated in its own name any place outside of New York State except possibly in Canada. Accordingly, there does not seem to be any basis whatsoever to hold that this petitioner did business without the State, within the purview of the Tax Law, as far as its European or South American enterprises are concerned. The case of *People ex rel. Texas Co.* v. *Gilchrist* (252 N. Y. 19), cited by petitioner, is readily

distinguishable from the facts at hand. In the *Texas Co.* v. *Gilchrist* case an apportionment was allowed where it was shown that the relator had certain capital used only in the development of its Texas project, all transactions concerning which project were carried on solely within the State of Texas. In the instant case all sales by the petitioner are made through its New York offices which are its only actual business offices. Furthermore, in the *Texas Co.* v. *Gilchrist* case there was involved both personal and real property located in Texas. All of this petitioner's personal and real property, by the testimony of its own officers, is located in New York State.

The only question at all upon this point comes with regard to the so-called Canadian business conducted by the petitioner. It is my conclusion, however, that this does not comprise doing business out of New York State for tax purposes any more than do the European or South American enterprises. The petitioner has a bank account in Canada but this seems to be solely for convenience in clearing certain products imported to New York State via Canada. Certain moneys are paid toward the rent of an office of a commission agent who represents the petitioner in Canada, but the petitioner itself does not maintain an office there. This question, while closer than in regard to Europe and South America, should apparently be resolved to the same conclusion, and question number " 2 " should be answered in favor of the respondent Tax Commission.

The determination of the Tax Commission should be confirmed, with fifty dollars costs.

HILL, P. J., CRAPSER, BLISS and FOSTER, JJ., concur.

Determination confirmed, with fifty dollars costs.